UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| RODOLFO MORENO, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. L-11-48 |
| § | |
| TEXAS WEBB COUNTY, § | |
| § | |
| Defendant. § | |

## ORDER

On April 28, 2011, Plaintiffs filed the instant action against Defendant Texas Webb County. Dkt. No. 1. Rodolfo Moreno, Jr. ("the Decedent"), a close family member of the plaintiffs, died of an overdose while in custody at the Webb County Jail, and Plaintiffs contend Defendant's conduct resulted in the death of the Decedent. On October 15, 2012, Defendant filed a motion for summary judgment (Dkt. No. 21) seeking the dismissal of all claims.

Now before the Court is Defendant's Motion for Summary Judgment (Dkt. No. 21). After consideration of the facts and applicable law, Defendant's Motion (Dkt. No. 21) is **GRANTED**. Plaintiffs' suit is hereby **DISMISSED WITH PREJUDICE**. As no claims remain, the Clerk of the Court is hereby directed to **CLOSE** this case.

**I. BACKGROUND**[1]

The Decedent was a pretrial detainee at the Webb County Jail from January 30, 2009, through April 29, 2009. On April 28, 2009, he began experiencing flu like symptoms and requested and received medical treatment by a nurse at the Webb County Jail. At some point on April 28, 2009, the Decedent used illegal drugs that were

---

[1] The facts in this section are undisputed.

smuggled into the Webb County Jail. By 11:30 p.m., on April 28, 2009, he was still alive and in fair condition. On April 29, 2009, at approximately 5:47 a.m., the Decedent was found lifeless in his jail cell by a jail deputy during a regular morning head count.

## II.  SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate if the moving party can show that "there is no genuine Dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The initial burden is on the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it is relevant or necessary to the ultimate conclusion of the case. *Id.* The movant's burden is only to point out the absence of evidence supporting the non-movant's case. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992).

When the moving party has carried its initial burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertion, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The Court must consider all of the evidence

but refrain from making any credibility determinations or weighing the evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

### III. ANALYSIS

Plaintiffs allege that Defendant's conduct resulted in the death of their family member during his detention at Webb County Jail. Specifically, Plaintiffs make three claims: (1) a 42 U.S.C. § 1983 claim asserting Defendant's policies, practices, or customs resulted in the death of the Decedent; (2) a 42 U.S.C. § 1983 claim asserting Defendant was deliberately indifferent in providing medical care to the Decedent; and (3) a wrongful death claim asserting Defendant was grossly negligent under a theory of respondeat superior.

Plaintiffs have conceded that should they fail to designate an expert in this case, their claims should be dismissed on summary judgment. *See* Dkt. No. 27 at 3 & 4. The Court agrees with this analysis. Accordingly, as Plaintiffs have failed to designate an expert, each of Plaintiffs' claims should be dismissed on summary judgment.

#### A. *Plaintiffs have Not Designated an Expert*

The Court has given Plaintiffs multiple extensions to comport with the Federal Rules of Civil Procedure regarding the designation of experts, and plaintiffs have yet to properly designate an expert.

According to the original scheduling order in this case, the deadline for Plaintiffs to designate expert witnesses and reports was December 15, 2011. Dkt. No. 11 at 1. On the deadline date, Plaintiffs filed an unopposed motion to extend the deadlines for designation of expert witnesses and reports. Dkt. No. 13. The Court granted Plaintiffs'

last minute motion and extended the deadline to designate expert witnesses and reports to January 20, 2012. Dkt. No. 14.

On January 13, 2012, Plaintiffs filed their Designation of Expert Witness List and Expert Report (Dkt. No. 15). Plaintiffs designated only one individual as a retained expert, Raymond Mooney. *Id.* On October 10, 2012, Defendant filed its motion requesting the exclusion of Mooney's expert report and testimony. Dkt. No. 20. Plaintiffs' response to said motion was due on October 31, 2012. *See* S.D. TEX. R. CIV. P. 7.3 & 7.4. Again, Plaintiffs filed a motion for extension of time on the deadline date (at 11:16 p.m.). Dkt. No. 22. Plaintiffs requested an additional 12 days to respond. On November 5, 2013, the Court issued an order which effectively gave the extension of time the Plaintiffs requested. The Court's Order struck the Plaintiffs' Designation of Expert Witness List, but gave Plaintiffs until December 3, 2012—21 more days than they had requested in their motion for extension of time—to amend their Expert Report to cure the deficiencies within. Dkt. No. 24.

On December 26, 2012—Twenty-three days after Plaintiffs' deadline for amending their report—Plaintiffs filed a "Motion for Continuance" (Dkt. No. 27), which is more aptly described as a motion for leave to untimely designate an expert witness. Plaintiffs requested for the Court to "extend the case and issue a new scheduling order regarding only experts" as Plaintiffs "need[ed] additional time to secure a new expert in this matter." Dkt. No. 27. The Court granted Plaintiffs motion, giving Plaintiffs until February 25, 2013—an additional 60 days—to properly designate an expert.

The Court has yet to receive any filings from Plaintiffs since the Court's order issued on January 11, 2013. The Plaintiffs new deadline for designating experts passed

11 days ago. Consequently, for the purpose of considering Defendant's Motion for Summary Judgment, the Plaintiffs have not designated an expert.

### B. Without an expert, Summary Judgment is Proper

Plaintiffs allege that Defendant's conduct resulted in the death of their family member during his detention at Webb County Jail. Specifically, Plaintiffs make three claims: (1) a 42 U.S.C. § 1983 claim asserting Defendant's policies, practices, or customs resulted in the death of the Decedent; (2) a 42 U.S.C. § 1983 claim asserting Defendant was deliberately indifferent in providing medical care to the Decedent; and (3) a wrongful death claim asserting Defendant was grossly negligent under a theory of respondeat superior.

For the reasons given below—and as Plaintiffs have already conceded—without an expert, summary judgment is proper in this case. *See* Dkt. No. 27 at 3–4 (Plaintiffs state in their motion, "An expert is necessary is very relevant and necessary (sic) in this case to overcome a motion for summary judgment and to have any opportunity to win at trial. . . . [I]f no expert is found to testify on behalf of Plaintiffs then the case will be disposed of on summary judgment or by the Plaintiffs themselves.").

#### 1. Policies, Practices, or Customs of Defendant

Plaintiffs' bring their first claim pursuant to 42 U.S.C. § 1983, alleging: "Defendant allowed a policy, custom, and practice that allowed drugs to be smuggled into the jail for sale, distribution, and use." Dkt. No. 1 at 4.

In a § 1983 claim relating to an episodic act or omission, to succeed in holding a municipality liable, the plaintiff must demonstrate the municipal employee's act resulted from a municipal policy or custom adopted or maintained with objective

deliberate indifference to the plaintiff's constitutional rights. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999). "Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *James v. Harris County*, 577 F.3d 612 (5th Cir. 2009) (quotation omitted). Plaintiff must "pro[ve] that an official policymaker with actual or constructive knowledge of the constitutional violation acted on behalf of the municipality." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 167 (5th Cir. 2010) (citing *Cox v. City of Dallas*, 430 F.3d 734, 748–49 (5th Cir.2005)). In addition to culpability, there must be a direct causal link between the municipal policy, custom, or practice and the constitutional deprivation. *Piotrowski v. City of Houston*, 237 F.3d 567, 580 (5th Cir. 2001).

In the instant case, Plaintiffs allege that some sort of policy, custom, or practice existed, but they do not (1) actually state what that policy, custom, or practice is; (2) provide any evidence of its existence; or (3) establish any causal link between that policy, custom, or practice and the Decedent's death. Plaintiffs' first claim cannot survive summary judgment based solely on a conclusory allegation or unsubstantiated assertion. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Accordingly, Plaintiffs first claim is denied.

### 2. Deliberate Indifference in Providing Medical Care

Plaintiffs' also bring their second claim pursuant to 42 U.S.C. § 1983. In their second claim, Plaintiffs allege: "Defendant failed to provide medical care when necessary and as promised for the Decedent while he was in its custody." Dkt. No. 1 at 4.

With regard to medical treatment, a showing of deliberate indifference "requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quotations omitted). Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference absent exceptional circumstances. *Id.* "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Gobert v. Caldwell*, 463 F.3d 339, 347 n.24 (5th Cir. 2006) (citing *Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir.1995) (citing *Mendoza v. Lynaugh,* 989 F.2d 191, 193-95 (5th Cir.1993); *Bejaran v. Cruz,* 79 Fed.Appx. 73, 74 (5th Cir.2003)).

In the instant case, Defendant has provided evidence that the Decedent did in fact receive medical care by a jail nurse who indicated that the Decedent appeared normal except for a sore throat or tonsillitis. *See* Dkt. No. 21, Attach. 2 at 32–34. The evidence also indicates that the Decedent received medication for this affliction.[2] The decision whether to provide additional treatment "is a classic example of a matter for medical judgment" and Plaintiffs do not offer any evidence from an expert contradicting the prison nurse's medical judgment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Accordingly, Plaintiffs second claim must too be denied.

### 3. Wrongful Death Pursuant to Texas Law

---

[2] The nurse indicated that she prescribed the Decedent an antibiotic for his throat. Dkt. No. 21, Attach. 2 at 32–34.

Plaintiffs' final claim is that Defendant's conduct resulted in the wrongful death of the Decedent, in violation of §71.002(b) of the Texas Civil Practice & Remedies Code ("the Wrongful Death Statute"). Dkt. No. 1 at 5.[3]

A county is not a "person" within the meaning of the Texas Wrongful Death Statute. *See* V.T.C.A., Civil Practice & Remedies Code § 71.001(2). A county, may still, however, "be held accountable for wrongful death, but such accountability is imposed by the Texas Tort Claims Act, and not the Wrongful Death Act." *Clark v. Johnson County*, No. 3:01-CV-2231, 2002 WL 500858, at *2 (Mar. 27, 2002) (quoting *County of El Paso v. Dorado*, 33 S.W.3d 44, 45–47 (Tex. App.—El Paso 2000, no writ). In the instant case, Plaintiffs' claim against the County is pled "under the Texas Wrongful Death Statute, under which relief cannot be granted." *Clark*, 2002 WL 500858, at 2.

Furthermore, the Court notes that summary judgment would be still be proper had Plaintiffs' pled their third claim pursuant to the Texas Tort Claims Act. The Act "has been interpreted as waiving sovereign immunity in three general areas: (1) use of motor driven equipment, (2) premises defects, and (3) personal injuries arising out of the condition or use of personal property." *Mullins v. esttelle High Sec. Unit*, 111 S.W.3d 268 (Tex. App.—Texarkana 2003) (citing *Sex. Dep't of transp. V. Able*, 35 S.W.3d 608, 611 (Tex. 2000). Only the last area appears to have any plausible relationship to the instant case, but Plaintiffs have not met the burden of showing that jurisdiction exists by alleging facts affirmatively demonstrating that the trial court has subject matter jurisdiction under that area. *See Tex. Ass'n of Bus. V. Tex. Air Control*

---

[3] The Court understands Plaintiffs as contending that Defendant is liable under the Wrongful Death Statute pursuant to a theory of respondeat superior or vicarious liability. *See id.* ("Defendant through its employees, agents, and servants wrongfully, neglectfully, careless, unskillfully, and/or through default as well as negligently, recklessly, knowingly, and/or intentionally failed to provide a safe environment and adequate safeguards to protect the Decedent while under its care, custody, or control.").

*Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Accordingly, Plaintiffs' final claim must too be denied.

### IV. CONCLUSION

For the reasons given above, Defendant's Motion for Summary Judgment (Dkt. No. 21) is **GRANTED**. Plaintiffs' suit is hereby **DISMISSED WITH PREJUDICE**. As no claims remain, the Clerk of the Court is hereby directed to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 11th day of March, 2013.

_____
Marina Garcia Marmolejo
United States District Judge